## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, | Misc. No. _____ |
| Plaintiff, | Case Pending in the Central District of California |
| vs. | Case No. 5:18-cv-1882-JGB-SHK |
| VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports, a Florida corporation; and JOHN H. OWOC a.k.a. JACK OWOC, an individual | |
| Defendants. | |

## MOTION TO COMPEL NONPARTY VITAMIN SHOPPE, INC.
## TO COMPLY WITH PROPERLY SERVED SUBPOENA

In this ancillary action, Plaintiff Monster Energy Corporation ("Monster") moves pursuant to Rule 45 of the Federal Rules of Civil Procedure for an order compelling Vitamin Shoppe, Inc. ("Vitamin Shoppe") to comply with Monster's subpoena to produce documents (the "Subpoena") in *Monster Energy Corporation v. Vital Pharmaceuticals et al.*, No. 5:18-cv-1882-JGB-SHK (C.D. Cal.) (the "Litigation").  Vitamin Shoppe is a nonparty who possesses unique information that is directly relevant to Monster's claims in the Litigation.

The Subpoena was properly served on August 22, 2019, and required compliance by September 23, 2019, in the District of Delaware, which is where Vitamin Shoppe is incorporated and was personally served.  To date, Vitamin Shoppe has neither responded to the Subpoena,

- 1 -

served any objections to the Subpoena, nor produced the requested documents.  In fact, Vitamin Shoppe has not even responded to Monster's several attempts to contact it about the Subpoena.[1]

Because the Subpoena was properly served and seeks relevant documents and because Vitamin Shoppe failed to respond in any way to the Subpoena by September 23 (its deadline for compliance), Monster requests that this Court rule that any of Vitamin Shoppe's objections to the Subpoena have been waived and compel Vitamin Shoppe to produce responsive documents in its possession, custody, or control within 15 days.  *See Bailey Indus., Inc. v. CLJP, Inc*., 270 F.R.D. 662, 666-70 (N.D. Fla. 2010) (holding that nonparty waived all objections by failing to respond to subpoena or moving to quash it and granting motion to compel compliance because subpoena sought relevant information); *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 425-27 (D.N.J. 2004) (holding that nonparty waived all objections to subpoena by failing to timely move to quash or serving written objections).

I.      **BACKGROUND**

   A.      **The Litigation**

   Monster sued Vital Pharmaceuticals, Inc. ("VPX") and John Owoc (collectively, "Defendants") for false advertising, unfair competition, tortious interference with contract, trade libel, and trade secret misappropriation.  *See* Johnson Decl.[2] ¶ 4; Johnson Decl. Ex. 2 (First Am. Compl.).  These claims arise from Defendants' widespread anti-competitive and illegal business practices in the sports nutrition and beverages industry.

---

[1] Pursuant to Local Rule 7.1.1, counsel for Monster avers that it has made a reasonable effort to meet and confer with Vitamin Shoppe regarding the matters set forth in this Motion, but received no response.  *See* Johnson Decl. ¶ 6.

[2] Citations to the "Johnson Decl." refer to the Declaration of Lauren Johnson, filed contemporaneously herewith.

As alleged in the First Amended Complaint, Defendants' most deceptive practices occur with respect to VPX's principal product, "Bang" energy drink. *Id.* ¶ 44. Among other things, Defendants falsely advertise that Bang conveys important health benefits derived largely from one ingredient, which Defendants refer to as "Super Creatine." *Id.* Defendants misleadingly label this ingredient as "creatine" on cans of Bang and identify Super Creatine as one of the primary reasons that Bang is superior to its competitors, including Monster. *Id.* ¶¶ 44-45. But contrary to Defendants' statements, Super Creatine is composed of an entirely different molecule than creatine – creatyl-l-leucine, which contains no known health benefits. *Id.* ¶¶ 46-59.

Monster further alleges that Defendants' misrepresentations about Bang's health benefits and ingredients have distorted the retail market and deceived retailers into selling Bang because it contains Super Creatine. *Id.* ¶¶ 93-98. Defendants have also caused VPX's retailers to repeat their false statements to consumers. *Id.* ¶ 123. As Monster alleges, both retailers and consumers are more likely to purchase Bang because of Defendants' false advertising regarding, among other things, the health benefits from "Super Creatine." *Id.* ¶¶ 42-59, 83-98, 120. Because Monster and VPX are direct competitors, the sales Defendants gain as a result of their false advertising causes Monster to lose sales, profits, and market share. *Id.* ¶¶ 120, 127.

In addition to their false representations about Bang, Defendants have stolen Monster's confidential and trade secret information, including Monster's pricing data, by offering Monster's employees jobs and insisting that the employees bring Monster's valuable information with them. *Id.* ¶ 111-19. Defendants have used Monster's trade secrets to improve VPX's own pricing analytics and supply chain strategies. *Id.* ¶ 190.

- 3 -

RLF1 22236032v.1

Defendants moved to dismiss Monster's complaint. But the Court largely denied Defendants' motion, and the Litigation remains pending in the Central District of California. C.D. Cal. D.I. 95. Fact discovery is set to close on February 18, 2020, with trial scheduled for June 2, 2020. C.D. Cal. D.I. 111.

**B.     The Subpoena**

On August 22, 2019, Monster served the Subpoena on Vitamin Shoppe. *See* Johnson Decl. ¶ 3; Johnson Decl., Ex. 1. According to Vitamin Shoppe, it is a retailer of "top quality vitamins, supplements, probiotics, and all the health and fitness support you need on your personal journey to wellness." *See* www.vitaminshoppe.com. Vitamin Shoppe is also a significant seller of Bang products. Because Vitamin Shoppe, a retailer focused on health products, sells Bang, Monster reasonably believes that Vitamin Shoppe has information relevant to Defendants' representations about the health benefits of Bang, as well as VPX's pricing strategies for Bang. Such representations go to the heart of Monster's false advertising, unfair competition and trade secret misappropriation claims.

Consequently, the Subpoena seeks documents related to Vitamin Shoppe's decision to sell Bang, the representations that Defendants have made to Vitamin Shoppe about Bang, Vitamin Shoppe's marketing of Bang, and the pricing of Bang. Johnson Decl., Ex. 1 at 4-6.

Vitamin Shoppe did not respond to the Subpoena or produce responsive documents within the 31 days that was set as the time for compliance. Johnson Decl. ¶ 5. As a result, Monster's counsel left a voicemail with Vitamin Shoppe's legal department and sent a follow-up letter to both Vitamin Shoppe's registered agent and its headquarters. *See id.* ¶ 6; Johnson Decl., Ex. 3. Vitamin Shoppe did not respond to any of these attempts, forcing Monster to initiate this action.

- 4 -

## II.    <u>ARGUMENT</u>

Vitamin Shoppe has no legitimate excuse for its failure to comply with (or even respond to) the Subpoena.  The Subpoena was properly served and seeks information that is directly relevant to the Litigation.

Rule 45(a) of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena seeking the production of documents from a nonparty, such as Vitamin Shoppe.  *See In re Denture Cream Prods. Liab. Litig.*, 292 F.R.D. 120, 123 (D.D.C. 2013).  When deciding a motion to compel a nonparty to produce documents, courts consider "whether the discovery sought is relevant."  *Id.* "[W]ith respect to a Rule 45 subpoena, a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party."  *Id.*

A nonparty objecting to production "has a heavy burden to show that the subpoena should not be enforced."  *Millenium TGA, Inc. v. Comcast Cable Commc'ns, LLC*, 286 F.R.D. 8, 11 (D.D.C. 2012).  Any objections "must be served before the earlier of the date specified for compliance or 14 days after the subpoena is served."  Fed. R. Civ. P. 45(c)(2)(B).  "The failure to serve written objections to a subpoena typically constitutes a waiver of such objections."  *In re Denture Cream Prods.*, 292 F.R.D. at 124; *U.S. ex. rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) ("Failure to serve timely objections [to Rule 45 subpoena] waives all grounds for objection, including privilege.").

As set forth below, despite being properly served with the Subpoena, which seeks relevant information, Vitamin Shoppe has failed to serve timely objections to the Subpoena, respond in any

- 5 -

manner, or produce the requested documents.  The Court should therefore grant this Motion and compel compliance.

### A.      The Subpoena Was Properly Served

The subpoena was properly served on Vitamin Shoppe's registered agent in Wilmington, Delaware.  *See* Johnson Decl. ¶ 3; Johnson Decl., Ex. 1.  The subpoena required compliance in Wilmington within 31 days.  *Id.*; *see also United States v. Brown*, 223 F. Supp. 3d 697, 703-04 (N.D. Ohio 2016) (finding subpoena's request for compliance within 25 days to be reasonable); *Verisign, Inc. v. XYZ.com, LLC*, No. 15-mc-175-RGA, 2015 WL 7960976, at *3 (D. Del. Dec. 4, 2015) ("Rule 45 does not define 'reasonable time,' but several courts have concluded fourteen days from the date of service as presumptively reasonable.").  Because Vitamin Shoppe is incorporated in Delaware, it can be required to comply with the subpoena in that state.  Fed. R. Civ. P. 45(c)(2) (subpoena "may command . . . production of documents . . . at a place within 100 miles of where the person resides"); *Application of Johnson & Johnson*, 59 F.R.D. 174, 178 (D. Del. 1973) (under Rule 45, corporation "is a 'resident' of this district by virtue of its incorporation in Delaware").  And because compliance was required in Delaware, this Court is the proper venue for this action.  *See* Fed. R. Civ. P. 45(d)(2)(B)(i) (subpoenaing party must move to compel compliance in the court for the district where compliance is required).

Even if Vitamin Shoppe had a basis to contest the propriety of service (it does not), it has waived any such objection by failing to serve written objections within 14 days of service or moving to quash the subpoena within the time set for compliance.  *See* Fed. R. Civ. P. 45(d)(2)(B), (d)(3)(A); *PHL Variable Ins. Co. v. Alan Wollman Ins. Tr.*, No. 08-53-JJF, 2010 WL 2836388, at *1 (D. Del. July 16, 2010) ("[C]ourts generally require a motion to quash to be made in the 14

- 6 -

days required to object to a subpoena [] or by the close of the compliance period listed in the subpoena, if the period is of a reasonable duration.").

For each of these independent reasons, the Court should order Vitamin Shoppe to comply with the Subpoena.

### B.    The Subpoena Seeks Relevant Information

The Subpoena seeks information that is directly relevant to many of the parties' claims and defenses in this matter.  A party is entitled to obtain discovery of any non-privileged matter that is relevant to any claims or defenses.  Fed. R. Civ. P. 26(b)(1); *see also* 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2452 (3d. 2019) (the scope of discovery through a third party subpoena is the same as under Rule 26).  The Third Circuit has emphasized that "the federal rules allow broad and liberal discovery." *Pacciti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case").  Due to the breadth of relevance, courts in this District have instructed that an ancillary court should act with "hesitancy in foreclosing discovery based on irrelevance." *Celanese Corp. v. E.I. duPont de Nemours & Co.*, 58 F.R.D. 606, 611 (D. Del. 1973); *see also Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211-12 (Fed. Cir. 1987) ("A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be 'especially hesitant to pass judgment on what constitutes relevant evidence thereunder.'") (quoting *Horizons Titanium Corp. v. Norton Co.*, 290 F.2d 421, 425 (1st Cir. 1961)).

The Subpoena targets critical information supporting Monster's claims that Defendants have falsely advertised the health and nutritional benefits of Bang to both retailers and consumers, and have caused retailers to repeat their false statements to consumers.  For example, the Subpoena seeks documents and communications related to Defendants' representations to Vitamin Shoppe about Bang, Vitamin Shoppe's decision to sell Bang in its stores and on its website, Vitamin Shoppe's discussions about Super Creatine and creatine, and Vitamin Shoppe's marketing of Bang.  *See* Johnson Decl., Ex. 1, Request Nos. 1-2, 4, 7-16.  These documents bear directly on both the extent of Defendants' illegal conduct and Monster's damages.  *See Compaq Comput. Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 337 (N.D. Cal. 1995) (finding that subpoena served on nonparty manufacturer in false advertising case alleging that competitor falsely advertised as "new" computers containing recycled components sought relevant information concerning the competitor's and non-party's practices of re-using computer parts).

Similarly, the Subpoena targets information that bears squarely on Monster's claims that Defendants have stolen Monster's pricing data.  In particular, the Subpoena requests documents and communications relating to the prices at which Vitamin Shoppe has sold Bang and any promotions or discounts that Defendants have offered for Bang to be implemented by Vitamin Shoppe.  *See* Johnson Decl., Ex. 1, Request Nos. 3, 6-7.  The extent to which VPX's retailers have varied their pricing and promotions of Bang in the time since Defendants have stolen Monster's proprietary information is key evidence supporting these claims, as well as Monster's damages. *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 641 (D. Or. 2015) (granting motion to compel compliance with nonparty subpoena that sought information that could reveal the extent to which trade secrets stolen by defendant had been utilized); *In re Subpoena of DJO, LLC*, 295

- 8 -

F.R.D. 494, 498-99 (S.D. Cal. 2014) (holding that subpoena sought relevant information from nonparty regarding nonparty's sales records and contracts that could reveal use and disclosure of plaintiff's confidential and trade secret pricing strategies that nonparty's employees had stolen from plaintiff).

To be sure, Defendants have put much of the requested information squarely at issue in the Litigation.  In connection with its motion for a preliminary injunction in the Litigation, Monster provided evidence that retailers have been misled by Defendants' false statements.  *See* Johnson Decl. ¶ 7; Johnson Decl., Ex. 4 at 9.  In response, Defendants argued that Monster had only identified one such retailer and that the evidence was not sufficient to show that retailers have chosen to sell Bang as a result of Defendants' representations.  *See* Johnson Decl. ¶ 8; Johnson Decl., Ex. 5 at 10 n. 3; Johnson Decl., Ex. 6 ¶¶ 7-9.  The information sought from Vitamin Shoppe, one of the primary retailers of Bang, is crucial to Monster's ability to rebut Defendants' position.

Moreover, even if Vitamin Shoppe had any objections to the relevancy or scope of the Subpoena, it has waived those objections by failing to serve written objections or moving to quash it before the deadline for compliance.  *TRW, Inc.*, 211 F.R.D. at 392 ("Failure to serve timely objections [to Rule 45 subpoena] waives all grounds for objection, including privilege."); *Bailey Indus.*, 270 F.R.D. at 668 (nonparty waived all objections by failing to serve written objections or moving to quash subpoena and therefore motion to compel compliance "is due to be granted on this basis alone"); *McCabe*, 221 F.R.D. at 425-27 (holding that nonparty waived all objections to subpoena by failing to timely move to quash or serving written objections).

- 9 -

In sum, the Court should grant this Motion to enable Monster to obtain important evidence that is necessary to prove the extent of Defendants' liability and Monster's damages in the Litigation.

## III.   <u>CONCLUSION</u>

For all of the foregoing reasons, Monster respectfully requests that this Court issue an order that all of Vitamin Shoppe's objections to the Subpoena have been waived and compelling Vitamin Shoppe to produce all responsive documents in its possession, custody, or control within 15 days.


| | |
|---|---|
| | _/s/ Blake Rohrbacher_ |
| | Blake Rohrbacher (#4750) |
| | Kelly E. Farnan (#4395) |
| OF COUNSEL: | Matthew W. Murphy (#5938) |
| | Richards, Layton & Finger, PA |
| Moez M. Kaba | One Rodney Square |
| Lauren McGrory Johnson | 920 N. King Street |
| Sourabh Mishra | Wilmington, DE 19801 |
| HUESTON HENNIGAN LLP | (302) 651-7700 |
| 523 W. Sixth Street, Suite 400 | rohrbacher@rlf.com |
| Los Angeles, California 90014 | farnan@rlf.com |
| (213) 788-4340 | murphy@rlf.com |
| mkaba@hueston.com | |
| ljohnson@hueston.com | _Attorneys for Plaintiff Monster Energy Company_ |
| smishra@hueston.com | |

Dated:  October 24, 2019

- 10 -